**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUSIANA**

| | |
|---|---|
| **UNITES STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NUMBER: 07-202** |
| **ARNOLD JONES** | **SECTION: "C" (1)** |

**ORDER AND REASONS**[1]

This Matter comes before the Court on Defendant Arnold Jones's ("Jones") Motion to Dismiss or Quash Indictment under Rule 12 of the Federal Rules of Criminal Procedure. (Rec. Doc. 75). Jones submits three grounds for dismissal: (1) that drug evidence used at the Grand Jury proceeding was the fruit of an unconstitutional search and seizure; (2) that the police report presented to the Grand Jury was inaccurate and unreliable; and (3) that the police officers who investigated and arrested Jones engaged in governmental misconduct. *Id.* On June 25, 2008, the Court held an evidentiary hearing on Jones's motion. Having considered the testimony and evidence presented at the evidentiary hearing, Jones's Motion and Memorandum, the Government's opposition thereto, the record, and the applicable law, the Court hereby DENIES the motion for the following reasons.

I. BACKGROUND

[1] Aaron A. Reuter, a second year law student at Tulane University Law School, assisted in the research and preparation of this decision.

The Grand Jury charged Jones with two counts in the indictment:

> "**COUNT 1**
>
> **THE DRUG CONSPIRACY**
>
> Beginning on a date unknown, but prior to August 17, 2006, in the Eastern District of Louisiana and elsewhere, the defendants, **TERRENCE LEAVELL**, and **ARNOLD JONES**, did knowingly and intentionally combine, conspire, confederate and agree with each other and with other persons known and unknown to the Grand Jury, to distribute and possess with the intent to distribute fifty grams or more of cocaine base ("Crack"), a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A); all in violation of Title 21, United States Code, Section 846.
>
> **COUNT 2**
>
> On or about August 17, 2006, in the Eastern District of Louisiana, the defendants, **TERRENCE LEAVELL** and **ARNOLD JONES**, did knowingly and intentionally possess with intent to distribute fifty grams or more of cocaine base ("Crack"), a Schedule II narcotic drug controlled substance in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

(Rec. Doc. 8, p. 1-2) (emphasis in original). Jones testified in accordance with the arguments presented in his motion. He stated that immediately upon his return from Texas on August 17, 2006, he stopped and then parked his truck in the vicinity of a trailer located at 1806 Gallier Street, New Orleans, Louisiana, because he saw certain individuals who he recognized and wanted to talk to. Then, for about 15 minutes, he visited and spoke with individuals outside the trailer, including Terrence Leavell, Walter Wallace County, Jr. ("County"), and an individual named Damian. Jones maintains that he did not, at any time, conduct drug transactions, nor did he see anyone else conduct drug transactions outside of the trailer. Next, New Orleans Police Officers, without warrants, descended on the immediate area, and according to Jones, the officers detained him, dragged him into the trailer, and physically assaulted and Tasered him. Jones argues that the subsequent warrantless search of the trailer, where the drugs subject to the

indictment were found, was unconstitutional and based on manufactured exigency.[2] Jones then states that he was dragged out of the trailer and in to the yard, where he was subjected to additional abuse from the attending officers. From there, Jones contends that he was arrested for an attachment from Municipal Court, but when he arrived at Central Lockup, he was booked on felony drug charges.

Jones avers that the indictment should be dismissed because the drug evidence presented to the Grand Jury was incompetent as the fruit of an unlawful search and seizure. (Rec. Doc. 75-2, p. 3). Jones further contends that incompetent testimonial evidence was presented to the Grand Jury because the police report, upon which the police officers who testified relied, failed to note the presence of eyewitness County. *Id.* at 4. Finally, Jones argues that the police officers' manufactured exigency, the omission of County from their police report, the excessive force used against him, and the use of incompetent evidence at the Grand Jury constitute "outrageous government conduct." *Id.* at 6.

The Government declares that the first two grounds for dismissal, the allegedly unlawfully obtained drug evidence and incompetent police report, have been rejected by the Supreme Court and the Fifth Circuit as legal grounds to dismiss an indictment. (Rec. Doc. 88, p. 17-19). Furthermore, the Government claims that the final ground for dismissal, the alleged governmental misconduct, has not been proven by Jones as required by the Fifth Circuit. *Id.* at 20. The Government submits that to prove governmental misconduct, the defendant must show that the "government knowingly presented false testimony to the grand jury that was material to

[2] On June 25, 2008, an evidentiary hearing on Jones's Motion to Suppress Evidence was held and this Court found that Jones lacked standing to claim that the seized drugs were the result of an unconstitutional search because he had no ownership interest in the trailer from which the evidence was seized. (Rec. Doc. 99, p. 1).

the decision to indict." *Id.* Moreover, on June 25, 2008, at the evidentiary hearing on the motion *sub judice*, the parties stipulated that Jones was not alleging that the U. S. Attorney's Office was involved in any governmental misconduct. (Rec. Doc. 99, p. 2).

## II. LAW AND ANALYSIS

### A. INCOMPETENT DRUG EVIDENCE AND INACCURATE POLICE REPORT

Jones submits that the Government used drug evidence, the fruit of an allegedly unlawful search, and proffered testimony based on an inaccurate police report in securing the indictment in the instant case. (Rec. Doc. 75-2, p. 3-4). Jones argues that because of the incompetent drug evidence and inaccurate police report, the Court should dismiss the indictment. *Id.* at 3 (citing *U.S. v. Al Mudarris*, 695 F.2d 1182 (9th Cir. 1983). In *Al Mudarris*, the court stated that "[Courts] may dismiss an indictment as an exercise of their inherent supervisory power . . . or to protect a defendant's due process rights . . . They will not invoke this harsh remedy lightly. One challenging an indictment carries a difficult burden." 695 F.2d at 1185 (internal citations omitted). Moreover, the court noted that "[a]n appellate court may not attack an indictment on the ground of incompetent or inadequate evidence." *Id.* While Jones brings *U.S. v. Tane*, 329 F.2d 848 (2nd Cir. 1964) to the Court's attention to further allege that it is within this Court's discretion to dismiss or quash the indictment, the Court notes that *Tane* also recognized that "[a] defendant has no right to have an indictment dismissed merely because incompetent or inadequate evidence was presented to the Grand Jury." *Id.* at 853. Moreover, as the Government points out, in *Tane*, the government stipulated that absent the illegally obtained evidence, the indictment could not have been returned because the evidence was the sole basis for the indictment. (Rec. Doc. 88, p. 19).

The Government avers that the first two grounds for dismissal should be rejected under the Supreme Court ruling in *U.S. v. Calandra*, 414 U.S. 338 (1974). There, the Supreme Court stated:

> In the context of a grand jury proceeding, we believe that the damage to the institution from the unprecedented extension of the exclusionary rule urged by respondents outweighs the benefit of any possible incremental deterrent effect. Our conclusion necessarily controls both the evidence seized during the course of an unlawful search and seizure and any question or evidence derived therefrom (the fruits of the unlawful search).

*Id.* at 354. Furthermore, the Supreme Court also reasoned that "an indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence . . . or even on the basis of information obtained in violation of a defendant's Fifth Amendment privilege against self-incrimination." *Id.* at 345. The Supreme Court has also held that "'[i]t would run counter to the whole history of the grand jury institution' to permit an indictment to be challenged 'on the ground that there was inadequate or incompetent evidence before the grand jury.'" *U.S. v. Williams*, 504 U.S. 36, 54 (1992) (citing *Costello v. U.S.*, 350 U.S. 359, 363-364 (1956)). Additionally, the Government points to the Fifth Circuit decision of *U.S. v. Strouse* in support of its position. 286 F.3d 767 (5th Cir. 2002). There, the Fifth Circuit stated that:

> [T]he mere fact that evidence itself is unreliable is not sufficient to require a dismissal of the indictment and a challenge to the reliability or competence of the evidence presented to the grand jury will not be heard . . . This rule is so strongly enforced that evidence obtained in violation of the Fifth Amendment and in violation of the Fourth Amendment can be used before a grand jury without giving the district court power to dismiss an indictment.

*Id.* at 773 (citing *Williams*, 504 U.S. at 54, 49, 50) (internal quotation marks and footnotes omitted). Also, in *Strouse*, the Fifth Circuit recognized that "perjury before [a] grand jury that was not knowingly sponsored by the government may not form the basis for a district court's

dismissal of an indictment under its supervisory power." *Id.* at 772. Finally, the Court accepts that under *U.S. v. Forte*, No. 01-21216, 2003 WL 1922910, at *3 (5th Cir. Mar. 24, 2003), "a person who is aggrieved by an illegal search and seizure only though the introduction of damaging evidence secured by a search of a third person's premise or property has not had any of his Fourth amendment rights infringed."

The Court notes that *Forte* and *Strouse* are instructive here. *Forte* is particularly on point with regards to the drug evidence, as it refers to the fruits of an illegal search or seizure on a third person's property. Furthermore, *Strouse* states that the mere fact that evidence is unreliable does not allow for a court to dismiss an indictment, further noting that this rule is so strongly enforced that evidence obtained in violation of the Fourth and Fifth amendment do not give rise to dismissal of an indictment. Additionally, *Al Mudarris* and *Tane* do not support Jones's position. Rather, they advance the Government's position that dismissal of an indictment is a harsh remedy only used in the rarest circumstances and that a defendant may not quash an indictment based on incompetent or inadequate evidence. As a result, even assuming that the drug evidence and police report presented to the Grand Jury were in fact "incompetent" and intentionally "incomplete," the Court finds that do not present sufficient grounds for dismissing the indictment.

B. GOVERNMENTAL MISCONDUCT

Jones cites to *U.S. v. Samango*, 607 F.2d 877 (9th Cir. 1979), *U.S. v. Owen*, 580 F.2d 365 (9th Cir. 1978), and *U.S. v Baskes*, 433 F.Supp. 799 (N.D.Ill. 1977), in support of his argument that the Court should dismiss the indictment on the basis of governmental misconduct. (Rec. Doc. 75-2, p. 5). Additionally, Jones argues that under *U.S. v. Marshank*, 777 F.Supp. 1507

(N.D.Cal. 1991), outrageous government misconduct depends on the totality of the circumstances. *Id. Marshank* puts forth that in order to constitute the type of governmental misconduct needed to dismiss an indictment, the government's behavior must be "'shocking to the universal sense of justice,' mandated by the Due Process Clause." *Id*. at 1523 (quoting *Unites States v. Russell*, 411 U.S. 423, 432 (1973)). *Samango* dealt with prosecutorial misconduct as the basis for the alleged governmental misconduct. There, the court found that prosecutorial misconduct had occurred when the prosecutor deliberately introduced perjured testimony to the grand jury and tainted the grand jury proceeding with other misconduct. *Samango*, 607 F.3d at 881-882. As the parties have stipulated here that the U. S. Attorney's Office has not engaged in any inappropriate behavior, *Samango* is inapposite to the instant case. Moreover, in *Owen* and *Baskes*, the courts did not dismiss the indictments based on the alleged law enforcement misconduct that was decidedly more serious than that alleged in the instant case.[3] Additionally, Jones does not cite to authority which would support dismissal of this indictment based on the governmental misconduct that he alleges. The Government argues that under *Forte*, "Government misconduct does not mandate dismissal of an indictment unless it is so outrageous that it violates the principle of fundamental fairness under the due process clause." 2003 WL 1922910, at *6 (quoting *U.S. v. Johnson*, 68 F.3d 899, 902 (5th Cir. 1995). Moreover, the *Forte* court stated that these violations are sufficient to dismiss an indictment only under the rarest of circumstances, such as when the government knowing presents false testimony to a grand jury, and that testimony was material to the decision to indict. *Id.*

[3] In *Baskes*, the defendants alleged that "government agents willfully and intentionally comitt[ed] crimes and felonies to further a particular prosecution." 433 F.Supp. at 806. In *Owen*, the defendant alleged that a DEA agent interfered with the defense's case by pressuring the defendant to supply incriminating evidence against one of his attorneys. 580 F.2d at 366-367.

The parties have stipulated that the U.S. Attorney's Office did not engage in governmental misconduct. Furthermore, Jones has not shown that his allegations of governmental misconduct, with respect to law enforcement officials, rise to a level that 'shocks the conscience' and are thus grounds for dismissal. As a result, the Court finds that there is insufficient evidence of governmental misconduct to dismiss the indictment.

## III. CONCLUSION

Accordingly,

IT IS ORDERED that Defendant's Motion be DENIED.

New Orleans, Louisiana, this 14th day of July, 2008.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE